## STATE v. JOE MAY.

Springfield Court of Appeals, December 7, 1923.

PARENT AND CHILD: Information Charging Failure to Provide for Child Held Fatally Defective under the Statute. Under Revised Statutes 1919, section 3274, as amended Acts 1921, p. 281, punishing failure to provide necessary food, clothing, etc., to minor children, an information, filed before a justice of the peace and treated as charging a misdemeanor, merely charging failure to "maintain and provide," is fatally defective, notwithstanding Acts 1921, p. 284, also amending section 3274, supra, by making the misdemeanor a felony, and requiring only a showing of failure to provide and

maintain; the misdemeanor amendment having been approved later than the felony amendment, and there being no reference between them.

Appeal from the Circuit Court of Howell County.—*Hon. E. P. Dorris*, Judge.

REVERSED AND REMANDED.

*J. N. Burroughs* and *J. L. Bess* for appellant.

*B. L. Rinehart* for respondent..

FARRINGTON, J.—The defendant in this case was convicted on an information filed by the prosecuting attorney of Howell County under section 3274, Revised Statutes 1919, as amended in 1921, shown on page 281, Session Acts of 1921.

The appellant strikes first at the form of the information. We hold that the contention as to the sufficiency of the information is good under authority of State v. Tiemann, 253 S. W. 453. To violate this section, the defendant must fail to provide and maintain necessary food, clothing and lodging. The information merely charges him with failing to maintain and provide for said child, and for this reason the judgment must be reversed and the cause remanded.

We state in this opinion that the charge was under section 3274 as shown on page 281 of the Session Acts of 1921, because the information was filed before a justice of the peace and was throughout the whole record treated as a misdemeanor case. We call attention to this because turning page 284 of Session Acts of 1921, we find that 3274 was there apparently amended, making the crime a felony and requiring only a showing that there was a failure to provide and maintain. The latter act was approved March 24, 1921, and the misdemeanor act was approved April 7, 1921. No reference whatever

State v. May.

was made in the passage of the new law, which was approved April 7, 1921, to the amendment to the act approved March 24, 1921. We call attention to this in order that the next Legislature, if it sees fit, may straighten out this apparent confusion. The parties below treated the offense as a misdemeanor, and we will treat it as such here. The information upon which he was tried having failed to contain the necessary averments under the misdemeanor statute, it is necessary that the judgment be reversed and the cause remanded. Let the order so run. *Cox, P. J.,* and *Bradley, J.,* concur.